# EXHIBIT F

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
(718) 215-5163

**B. E-MAIL CONTACT AT FILER (optional)**
BGARCIA@RSABSTRACT.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

RIVERSIDE ABSTRACT, LLC

212 SECOND STREET

SUITE 502

LAKEWOOD, NJ 08701

Delaware Department of State
U.C.C. Filing Section
Filed: 10:18 PM 09/29/2020
U.C.C. Initial Filing No: 2020 6722716

Service Request No:  20207551716

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MICH TROY TECHNOLOGY LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2365 NOSTRAND AVENUE | BROOKLYN | NY | 11210 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 383 MADISON AVENUE | NEW YORK | NY | 10179 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:
All the property described on Exhibit B attached hereto and made part hereof and relating to the
real property described on Exhibit A attached hereto and made part hereof.
Collateral Description - please see attached

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators

Troy Technology
Troy, Oakland County, Michigan
1 of 2

**Exhibit A**

Land situated in the City of Troy, County of Oakland, and State of Michigan, described as:

PARCEL 1:

A part of the Northeast 1/4 of Section 35, Town 2 North, Range 11 East, City of Troy, Oakland County, Michigan, being more particularly described as beginning at a point distant North 00 degrees 07 minutes 20 seconds East, 399.85 feet along the East line of said Section 35 and North 89 degrees 12 minutes 00 seconds West, 568.54 feet from the East 1/4 corner of said Section 35; thence North 89 degrees 12 minutes 00 seconds West, 744.12 feet to a point on the East line of "Supervisor's Plat No. 29 Subdivision", as recorded in Liber 65 on Page 21 of Plats, Oakland County Records; thence along the East line said plat North 00 degrees 25 minutes 25 seconds East, 252.26 feet; thence 239.17 feet along the Arc of a curve to the left (Radius 467.50 feet, Central Angle 29 degrees 18 minutes 43 seconds, Chord bearing North 65 degrees 35 minutes 08 seconds East, 236.57 feet); thence 278.75 feet along the Arc of a curve to the right (Radius 407.50 feet, Central Angle 39 degrees 11 minutes 34 seconds, Chord bearing North 70 degrees 31 minutes 33 seconds East, 273.34 feet); thence South 89 degrees 52 minutes 40 seconds East 270.02 feet; thence South 00 degrees 07 minutes 20 seconds West 451.27 feet to the point of beginning.

PARCEL 2:

A part of the Northeast 1/4 of Section 35, Town 2 North, Range 11 East, City of Troy, Oakland County, Michigan, being more particularly described as beginning at a point on the West Right-of-Way line of John R. Road (75 feet 1/2 Right of Way) distant North 00 degrees 07 minutes 20 seconds East 399.85 feet along the East line of said Section 35 and North 89 degrees 12 minutes 00 seconds West, 75.01 feet from the East 1/4 corner of said Section 35; thence North as 89 degrees 12 minutes 00 seconds West, 493.53 feet; thence North 00 degrees 07 minutes 20 seconds East, 451.27 feet; thence South 89 degrees 52 minutes 40 seconds East, 113.50 feet; thence South 81 degrees 07 minutes 54 seconds East, 131.53 feet; thence South 89 degrees 52 minutes 40 seconds East 250.00 feet to a point on said West Right-of Way line of John R. Road; thence South 00 degrees 07 minutes 20 seconds West, 437.11 feet along said West Right-of-Way line to the point of beginning.

PARCEL 3:

A part of the Northeast 1/4 of Section 35, Town 2 North, Range 11 East, City of Troy, Oakland County, Michigan, being more particularly described as beginning at a point distant North 00 degrees 07 minutes 20 seconds East, 1420.97 feet along the East line of said Section 35 and North 89 degrees 47 minutes 40 seconds West, 867.27 feet from the East 1/4 corner of said Section 35; thence South 00 degrees 25 minutes 25 seconds West, 505.45 feet; thence 288.36 feet along the Arc of a curve to the left (Radius 467.50 feet, Central Angle 35 degrees 20 minutes 27 seconds, Chord bearing South 68 degrees 36 minutes 00 seconds West 283.81 feet); thence 197.67 feet along the Arc of a curve to the right (Radius 407.50 feet, Central Angle of 27 degrees

47 minutes 35 seconds, Chord bearing South 64 degrees 49 minutes 34 seconds West, 195.74 feet); to a point on the East line of "Supervisor's Plat No. 29 Subdivision," as recorded in Liber 65 on Page 21 of Plats, Oakland County Records; thence along the East line of said plat North 00 degrees 25 minutes 25 seconds East, 693.85 feet; thence South 89 degrees 47 minutes 40 seconds East, 440.00 feet to the point of beginning.

PARCEL 4:

A part of the Northeast 1/4 of Section 35, Town 2 North. Range 11 East. City of Troy, Oakland County, Michigan, being more particularly described as beginning at a point on the West Right-of-Way line of John R. Road (75 feet 1/2 Right-of-Way) distant North 00 degrees 07 minutes 20 seconds East, 937.85 feet along the East line of said Section 35 and North 89 degrees 52 minutes 40 seconds West, 75.00 feet from the East 1/4 corner of said Section 35; thence North 89 degrees 52 minutes 40 seconds West, 250.00 feet; thence South 81 degrees 22 minutes 34 seconds West, 131.53 feet; thence North 89 degrees 52 minutes 40 seconds West, 383.52 feet; thence 31.43 feet along the Arc of a curve to the left (Radius 467.50 feet, Central Angle 03 degrees 51 minutes 07 seconds, Chord bearing South 88 degrees 11 minutes 47 seconds West, 31.42 feet); thence North 00 degrees 25 minutes 25 seconds East 505.45 feet; thence South 89 degrees 47 minutes 40 seconds East, 792.27 feet to a point on said West Right-of Way line of John R. Road; thence South 00 degrees 07 minutes 20 seconds West, 483.23 feet along said West Right-of-Way line to the point of beginning.

Easement Parcel 1:

Parcel 4 together with a non-exclusive easement for purposes of the use of Easement Area as created, limited and defined in Declaration of Easement, as recorded in Liber 9992, Page 845 and Amendment recorded in Liber 15725, Page 575, Oakland County Records.

Easement Parcel 2:

Non-Exclusive Easement as created, limited and defined in Declaration recorded in Liber 9207, Page 897, Oakland County Records.

PARCEL 5:

Lots 16 through 20 inclusive, Ring Industrial Park, as recorded in Liber 179, Pages 1 and 2 of Plats, Oakland County Records, including the benefit of the easements set forth in the Declaration of Easements recorded in Liber 9992 on Page 845, Oakland County Records, as modified by the Amendment to Declaration of Easements recorded in Liber 15725 on Page 575, Oakland County Records.

Debtor:  **MICH TROY TECHNOLOGY LLC**, a
Delaware limited liability company

Secured Party: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

EXHIBIT "B"
to
UCC Financing Statement

All of Debtor's estate, right, title and interest in, to and under the following described property whether now owned or hereafter acquired by Debtor (collectively, the "**Property**"):

1.  Land.  The real property described in Exhibit A attached hereto and made a part hereof (collectively, the "**Land**");

2.  Additional Land.  All additional lands, estates and development rights hereafter acquired by Debtor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of that certain Mortgage executed in connection herewith (the "**Security Instrument**");

3.  Improvements.  The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "**Improvements**");

4.  Easements.  All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Debtor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

5.  Equipment.  All "goods" and "equipment," as such terms are defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Debtor, which are used at or in connection with the Improvements or the Land or are located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Debtor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the "**Equipment**").  Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under leases except to the extent that Debtor shall have any right or interest therein;

6.  Fixtures.  All Equipment now owned, or the ownership of which is hereafter acquired, by Debtor which is so related to the Land and Improvements forming part of the

Debtor: **MICH TROY TECHNOLOGY LLC**, a
Delaware limited liability company

Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Debtor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "**Fixtures**"). Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove pursuant to leases except to the extent that Debtor shall have any right or interest therein;

7. <u>Personal Property</u>. All furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever as defined in and subject to the provisions of the Uniform Commercial Code, other than Fixtures, which are now or hereafter owned by Debtor and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the "**Personal Property**"), and the right, title and interest of Debtor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (the "**Uniform Commercial Code**"), superior in lien to the lien of the Security Instrument and all proceeds and products of the above;

8. <u>Leases and Rents</u>. All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into (collectively, the "**Leases**"), whether before or after the filing by or against Debtor of any petition for relief under 11 U.S.C. §101 <u>et seq.</u>, as the same may be amended from time to time (the "**Bankruptcy Code**") and all right, title and interest of Debtor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including

Debtor: **MICH TROY TECHNOLOGY LLC**, a
Delaware limited liability company

all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Debtor of any petition for relief under the Bankruptcy Code (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

9.    Condemnation Awards.    All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

10.    Insurance Proceeds.    All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property;

11.    Tax Certiorari.    All refunds, rebates or credits in connection with a reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction;

12.    Conversion.    All proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, proceeds of insurance and condemnation awards, into cash or liquidation claims;

13.    Rights.    The right, in the name and on behalf of Debtor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Secured Party in the Property;

14.    Agreements.    All agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting or pertaining to any business or activity conducted on the Land and any part thereof and all right, title and interest of Debtor therein and thereunder, including, without limitation, the right, upon the happening of any default the Security Instrument, to receive and collect any sums payable to Debtor thereunder;

15.    Trademarks.    All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

16.    Accounts.    All reserves, escrows and deposit accounts maintained by Debtor with respect to the Property, including, without limitation, the Lockbox Account and the Cash Management Account, together with all deposits or wire transfers made to such accounts, all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time and all proceeds, products, distributions or dividends or substitutions thereon and thereof;

Debtor: **MICH TROY TECHNOLOGY LLC**, a
Delaware limited liability company

17.     Letter of Credit.  All letter-of-credit rights (whether or not the letter of credit is evidenced by a writing) Debtor now has or hereafter acquires relating to the properties, rights, titles and interests referred to herein;

18.     Tort Claims.  All commercial tort claims Debtor now has or hereafter acquires relating to the properties, rights, titles and interests referred to herein; and

19.     Other Rights.  Any and all other rights of Debtor in and to the Property and any accessions, renewals, replacements and substitutions of all or any portion of the Property and all proceeds derived from the sale, transfer, assignment or financing of the Property or any portion thereof.