## NOTE SPLITTER AND MODIFICATION AGREEMENT AND OMNIBUS AMENDMENT TO LOAN DOCUMENTS

THIS NOTE SPLITTER AND MODIFICATION AGREEMENT AND OMNIBUS AMENDMENT TO LOAN DOCUMENTS, dated as of September 30, 2020 (as amended, restated, replaced, supplemented or otherwise modified from time to time, this "**Splitter Agreement**"), by and between **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America having an address at 383 Madison Avenue, New York, New York  10179 (collectively with its successors and assigns, "**Lender**"), and **MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company, having its principal place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210 (collectively with its permitted successors and assigns, "**Borrower**").

### WITNESSETH:

WHEREAS, Lender is now the lawful owner and holder of that certain Promissory Note dated September 25, 2020, made by Borrower in favor of Lender (the "**Original Note**"), which Original Note evidences a loan made by Lender to Borrower in the original principal amount of FORTY FIVE MILLION AND 00/100 DOLLARS ($45,000,000.00) (the "**Loan**"), pursuant to that certain Loan Agreement dated as of September 25, 2020, by and between Borrower and Lender (the "**Original Loan Agreement**");

WHEREAS, there is now due and owing on the Original Note the principal sum of Forty Five Million and 00/100 Dollars ($45,000,000.00);

WHEREAS, the Loan is further evidenced and secured by the other Loan Documents (as defined in the Original Loan Agreement and hereinafter referred to as the "**Original Loan Documents**");

WHEREAS, Lender and Borrower have agreed, in the manner hereinafter set forth, that the Original Note shall be split and severed into two (2) promissory notes, which two (2) promissory notes shall each be secured by the lien of the Mortgage (as defined in the Original Loan Agreement) and by the other applicable Loan Documents; and

WHEREAS, in order to further effectuate such splitting and severing of the Original Note, Borrower and Lender further desire to execute this Splitter Agreement in order to amend the Original Loan Agreement (the Original Loan Agreement, as so amended by this Splitter Agreement, the "**Amended Loan Agreement**") and the other Original Loan Documents (the other Original Loan Documents, as so amended by this Splitter Agreement, collectively with the Amended Loan Agreement, the "**Amended Loan Documents**");

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereto hereby covenant, agree, represent and warrant as follows:

1.     All capitalized terms used in this Splitter Agreement but not defined herein shall have the meaning given to such terms in the Original Loan Agreement.

2.     Effective as of the date hereof, the Original Note is hereby split and severed, modified and restated into two (2) promissory notes as follows: (a) the first note being that certain Replacement Severed Promissory Note A-1 dated the date hereof in the principal amount of TWENTY FIVE MILLION and No/100 Dollars ($25,000,000.00), in the form attached hereto as Exhibit A ("**Note A-1**"), on which there is now due and owing the principal sum of TWENTY FIVE MILLION and No/100 Dollars ($25,000,000.00), and (b) the second note being that certain Replacement Severed Promissory Note A-2 dated the date hereof in the principal amount of TWENTY MILLION and No/100 Dollars ($20,000,000.00), in the form attached hereto as Exhibit B ("**Note A-2**" collectively with Note A-1, the "**Severed Notes**"), on which there is now due and owing the principal sum of TWENTY MILLION and No/100 Dollars ($20,000,000.00), which Severed Notes have been executed by Borrower and delivered to Lender on the date hereof and are each secured by the lien of the Mortgage and the other applicable Original Loan Documents.

3.     Effective as of the date hereof:

(a)     the following definitions are inserted into Section 1.1 (Definitions) of the Original Loan Agreement:

""Note A-1" shall mean that certain Replacement Severed Promissory Note A-1 dated as of September 25, 2020 in the principal amount of $25,000,000.00, made by Borrower in favor of Lender, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time."

""Note A-2" shall mean that certain Replacement Severed Promissory Note A-2 dated as of September 25, 2020 in the principal amount of $20,000,000.00, made by Borrower in favor of Lender, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time."

(b)     the definition of "Note" set forth in Section 1.1 (Definitions) of the Original Loan Agreement, and in the other Loan Documents, as applicable, is amended and restated as follows:

"Note" shall mean, individually or collectively, as the context may require, Note A-1 and/or Note A-2."

(c)     Section 2.3.1 (Monthly Debt Service Payments) of the Original Loan Agreement is amended by adding the following sentence at the end thereof:

"Except during the continuance of an Event of Default (in which event Section 8.2 shall govern), the principal portion (if any) of each Monthly Debt Service Payment Amount received by Lender shall be applied by Lender pro rata to Note A-1 and Note A-2."

(d)     The following Section 2.4.5 is hereby added to the Original Loan Agreement:

"2.4.5        Application of Prepayments.   Except during the continuance of an Event of Default (in which event Section 2.4.3 and Section 8.2(a) shall govern), any prepayment of the principal balance of the Loan, in whole or in part and whether voluntary or involuntary (including, without limitation, (i) any principal of the Loan prepaid pursuant to Section 2.4.1, and (ii) any prepayment tendered in accordance with Section 2.4.2), shall be applied by Lender pro rata to  Note A-1 and Note A-2."

(e)        Section 8.2(a) (Remedies) of the Original Loan Agreement is amended by adding the following sentence at the end thereof:

"In addition, Lender shall have the right (without limiting any other rights of Lender hereunder or under any other Loan Document) to apply amounts received by Lender during the continuance of an Event of Default in respect of the Debt (including any Monthly Debt Service Payment Amount or any portion thereof) to the payment of amounts then due under Note A-1, and/or Note A-2 in such amounts and priority as Lender shall determine in its sole discretion."

4.        All of the terms, covenants, and conditions contained in the Amended Loan Documents shall be and remain in full force and effect, except as specifically modified in this Splitter Agreement, and are hereby ratified and reaffirmed in their entirety by the parties hereto. It is expressly understood that the execution and delivery of this Splitter Agreement and the Severed Notes do not and shall not (i) give rise to any defense, set-off, right of recoupment, claim or counterclaim with respect to any of Borrower's or Guarantor's obligations under the Amended Loan Documents or the enforcement thereof, (ii) operate as a waiver of any of Lender's rights, powers or privileges under the Amended Loan Documents, or (iii) prejudice, limit or affect in any way any present or future rights, remedies, powers or benefits available to Lender under the Amended Loan Documents or any other documents executed by Borrower, Guarantor or Manager for the benefit of Lender in connection with the Loan.  In addition, the parties hereto expressly disclaim any intent to effect a novation or an extinguishment or discharge of any of the Indebtedness evidenced by the Original Note, the Original Loan Agreement or any of the other Original Loan Documents or by any other document executed in connection therewith by reason of this Splitter Agreement.

5.        Each party hereto hereby represents and warrants that such party (a) is authorized to enter into this Splitter Agreement and (b) has obtained all necessary consents, if any, needed to enter into this Splitter Agreement.

6.        Wherever possible, each provision of this Splitter Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Splitter Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Splitter Agreement.

7.        Except as otherwise expressly modified hereby or by the Severed Notes, each Original Loan Document shall remain in full force and effect without modification.

8.      This Splitter Agreement may be executed by one or more of the parties hereto on any number of separate counterparts, each of which shall be an original and all of which taken together shall constitute one and the same instrument.

9.      This Splitter Agreement shall inure to the benefit of and are binding upon Borrower and Lender, and their respective successors and permitted assigns.

10.     This Splitter Agreement shall be governed in accordance with the terms and provisions of Section 10.3 of the Original Loan Agreement.

11.     The provisions of Section 9.3 of the Original Loan Agreement are hereby incorporated by reference into this Splitter Agreement to the same extent and with the same force as if fully set forth herein.

12.     No modification, amendment, extension, discharge, termination or waiver of any provision of this Splitter Agreement, or of either of the Severed Notes or any Amended Loan Document, nor consent to any departure by Borrower therefrom, shall in any event be effective unless the same shall be in a writing signed by the party against whom enforcement is sought, and then such waiver or consent shall be effective only in the specific instance, and for the purpose, for which given.

13.     This Splitter Agreement, the Severed Notes and the other Loan Documents contain the entire agreement of the parties hereto and thereto in respect of the transactions contemplated hereby and thereby, and all prior agreements among or between such parties, whether oral or written, between Borrower and Lender are superseded by the terms of this Splitter Agreement, the Severed Notes and the other Loan Documents.

**[NO FURTHER TEXT ON THIS PAGE/**
**SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the parties hereto have caused this Splitter Agreement to be duly executed by their duly authorized representatives, all as of the day and year first above written.

**BORROWER**:

**MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company

By: _____

Name: Boruch Drillman
Title: President

**[SIGNATURE PAGE CONTINUES ON THE FOLLOWING PAGE]**

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America

By: _____

Name: Jennifer Lewin

Title:   Vice President

The undersigned, as Guarantor under the Guaranty (as defined in the Original Loan Agreement) hereby ratifies and confirms that the Guaranty is in full force and effect notwithstanding the provisions of this Splitter Agreement and the replacement of the Note (as defined in the Original Loan Agreement) and the amendment of the Original Loan Documents effected hereby.

**GUARANTOR:**

_____

**BORUCH DRILLMAN**, an individual

## EXHIBIT A

### (REPLACEMENT SEVERED PROMISSORY NOTE A-1)

(See attached)

## REPLACEMENT SEVERED PROMISSORY NOTE A-1

$25,000,000.00                                                    New York, New York
                                                                 September 30, 2020

     A.    **MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company, having its principal place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210 (together with its permitted successors and assigns, "**Borrower**") and **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America having an address at 383 Madison Avenue, New York, New York 10179 (together with its successors and assigns, "**Lender**") are parties to that certain Loan Agreement dated as of September 25, 2020 (the "**Loan Agreement**") in connection with the origination of a loan by Lender to Borrower, which loan is evidenced by that certain Promissory Note dated as of September 25, 2020 in the original principal amount of $45,000,000.00 (the "**Original Note**").

     B.    Concurrently with the execution and delivery hereof, Borrower and Lender have entered into that certain Note Splitter and Modification Agreement and Omnibus Amendment to Loan Documents dated as of the date hereof (the "**Splitter Agreement**"), pursuant to which Borrower and Lender have split, divided and severed the indebtedness evidenced by the Original Note into (a) this Replacement Severed Promissory Note A-1 in the original principal amount of $25,000,000.00 made by the Borrower (this "**Note**"), and (b) that certain Replacement Severed Promissory Note A-2 in the original principal amount of $20,000,000.00 made by the Borrower (the "**Other Note**"). Capitalized terms used herein but not otherwise defined shall have the meanings given in the Loan Agreement.

     NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Lender agree as follows:

     1.    The portion of the Original Note created by the severance effectuated pursuant to the Splitter Agreement is restated and superseded in its entirety by this Note, but the indebtedness evidenced by the Original Note shall not be discharged or impaired by the execution and delivery of this Note, and the execution and delivery of this Note is not intended to constitute a novation of the Original Note nor impair or modify the priority of any security document executed in connection therewith. This Note and the Other Note shall continue to be secured by the Mortgage and the other Loan Documents executed in connection with the Original Note.

     2.    Pursuant to the terms of the Splitter Agreement, the indebtedness evidenced by the Original Note was split, divided and severed into the indebtedness evidenced by this Note and the indebtedness evidenced by the Other Note.

     3.    The terms, provisions and obligations contained in the Original Note, as severed by the Splitter Agreement, are hereby amended and restated in their respective entireties to read as follows:

     FOR VALUE RECEIVED, **MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company, as maker, having its principal place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210 (together with its successors and permitted assigns, "**Borrower**"), hereby unconditionally promises to pay to the order of **JPMORGAN CHASE BANK,**

**NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America, as payee, having an address at 383 Madison Avenue, New York, New York 10179 (together with its successors and assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of TWENTY FIVE MILLION and 00/100 Dollars ($25,000,000.00), in lawful money of the United States of America with interest thereon to be computed from the date of this Note at the Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement, dated the date hereof, between Borrower and Lender (as the same may hereafter be amended, restated, replaced, supplemented, renewed, extended or otherwise modified from time to time, the "**Loan Agreement**"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### ARTICLE 1: PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

### ARTICLE 2: DEFAULT AND ACCELERATION

Except as otherwise expressly provided in the Loan Agreement, the Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default (following applicable notice and/or cure periods set forth in the Loan Agreement, if any).

### ARTICLE 3: LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

### ARTICLE 4: SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender and (c) if through any contingency or event Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender.

## ARTICLE 5:  NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6:  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind (other than notices expressly provided for under the Loan Agreement).  No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership, and the term "**Borrower**," as used herein, shall include any alternate or successor partnership, but any predecessor partnership and their partners shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "**Borrower**" as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder.  If any Borrower is a limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the members comprising the limited liability company, and the term "**Borrower**" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company and their members shall not thereby be released from any liability.  (Nothing in the foregoing three (3) sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

## ARTICLE 7:  TRANSFER

Upon the transfer of this Note in accordance with the terms of the Loan Agreement, Borrower hereby waiving notice of any such transfer (other than notices expressly provided for under the Loan Agreement), Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any

liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

## ARTICLE 8: EXCULPATION

The provisions of Section 9.3 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

## ARTICLE 9: GOVERNING LAW

(A)  **THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

(B)  **ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. BORROWER DOES HEREBY DESIGNATE AND APPOINT:**

**Mich New Hartford Partners LLC
2365 Nostrand Avenue
Brooklyn, New York 11210**

**AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK, AND AGREES THAT SERVICE OF PROCESS UPON SAID**

**AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW YORK. BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK, NEW YORK (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN NEW YORK, NEW YORK OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.**

## ARTICLE 10: NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 10.6 of the Loan Agreement.

## ARTICLE 11: JOINT AND SEVERAL

If more than one Person has executed this Note as "Borrower", the obligations of all such Persons hereunder shall be joint and several.

## [NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first above written.

**MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company

By: _____
Name: **Boruch Drillman**
Title: **President**

0107842.0734374 4851-8191-8668v3

## EXHIBIT B

### (REPLACEMENT SEVERED PROMISSORY NOTE A-2)

(See attached)

## REPLACEMENT SEVERED PROMISSORY NOTE A-2

$20,000,000.00

New York, New York
September 30, 2020

A.     **MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company, having its principal place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210 (together with its permitted successors and assigns, "**Borrower**") and **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America having an address at 383 Madison Avenue, New York, New York 10179 (together with its successors and assigns, "**Lender**") are parties to that certain Loan Agreement dated as of September 25, 2020 (the "**Loan Agreement**") in connection with the origination of a loan by Lender to Borrower, which loan is evidenced by that certain Promissory Note dated as of September 25, 2020 in the original principal amount of $45,000,000.00 (the "**Original Note**").

B.     Concurrently with the execution and delivery hereof, Borrower and Lender have entered into that certain Note Splitter and Modification Agreement and Omnibus Amendment to Loan Documents dated as of the date hereof (the "**Splitter Agreement**"), pursuant to which Borrower and Lender have split, divided and severed the indebtedness evidenced by the Original Note into (a) this Replacement Severed Promissory Note A-2 in the original principal amount of $25,000,000.00 made by the Borrower (this "**Note**"),  and (b) that certain Replacement Severed Promissory Note A-1 in the original principal amount of $20,000,000.00 made by the Borrower (the "**Other Note**").  Capitalized terms used herein but not otherwise defined shall have the meanings given in the Loan Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Lender agree as follows:

1.     The portion of the Original Note created by the severance effectuated pursuant to the Splitter Agreement is restated and superseded in its entirety by this Note, but the indebtedness evidenced by the Original Note shall not be discharged or impaired by the execution and delivery of this Note, and the execution and delivery of this Note is not intended to constitute a novation of the Original Note nor impair or modify the priority of any security document executed in connection therewith.  This Note and the Other Note shall continue to be secured by the Mortgage and the other Loan Documents executed in connection with the Original Note.

2.     Pursuant to the terms of the Splitter Agreement, the indebtedness evidenced by the Original Note was split, divided and severed into the indebtedness evidenced by this Note and the indebtedness evidenced by the Other Note.

3.     The terms, provisions and obligations contained in the Original Note, as severed by the Splitter Agreement, are hereby amended and restated in their respective entireties to read as follows:

FOR VALUE RECEIVED, **MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company, as maker, having its principal place of business at 2365 Nostrand Avenue, Brooklyn, New York 11210 (together with its successors and permitted assigns, "**Borrower**"), hereby unconditionally promises to pay to the order of **JPMORGAN CHASE BANK,**

**NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America, as payee, having an address at 383 Madison Avenue, New York, New York 10179 (together with its successors and assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of TWENTY MILLION and 00/100 Dollars ($20,000,000.00), in lawful money of the United States of America with interest thereon to be computed from the date of this Note at the Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement, dated the date hereof, between Borrower and Lender (as the same may hereafter be amended, restated, replaced, supplemented, renewed, extended or otherwise modified from time to time, the "**Loan Agreement**"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### ARTICLE 1: PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

### ARTICLE 2: DEFAULT AND ACCELERATION

Except as otherwise expressly provided in the Loan Agreement, the Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default (following applicable notice and/or cure periods set forth in the Loan Agreement, if any).

### ARTICLE 3: LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

### ARTICLE 4: SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender and (c) if through any contingency or event Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender.

## ARTICLE 5:  NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6:  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind (other than notices expressly provided for under the Loan Agreement).  No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership, and the term "**Borrower**," as used herein, shall include any alternate or successor partnership, but any predecessor partnership and their partners shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "**Borrower**" as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder.  If any Borrower is a limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the members comprising the limited liability company, and the term "**Borrower**" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company and their members shall not thereby be released from any liability.  (Nothing in the foregoing three (3) sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

## ARTICLE 7:  TRANSFER

Upon the transfer of this Note in accordance with the terms of the Loan Agreement, Borrower hereby waiving notice of any such transfer (other than notices expressly provided for under the Loan Agreement), Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any

liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### ARTICLE 8: EXCULPATION

The provisions of Section 9.3 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### ARTICLE 9: GOVERNING LAW

(A)    **THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.    TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

(B)    **ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. BORROWER DOES HEREBY DESIGNATE AND APPOINT:**

**Mich New Hartford Partners LLC**
**2365 Nostrand Avenue**
**Brooklyn, New York 11210**

**AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK, AND AGREES THAT SERVICE OF PROCESS UPON SAID**

AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW YORK. BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK, NEW YORK (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN NEW YORK, NEW YORK OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.

## ARTICLE 10: NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 10.6 of the Loan Agreement.

## ARTICLE 11: JOINT AND SEVERAL

If more than one Person has executed this Note as "Borrower", the obligations of all such Persons hereunder shall be joint and several.

## [NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first above written.

**MICH TROY TECHNOLOGY LLC**, a Delaware limited liability company

By: _____

Name: Boruch Drillman

Title: President

0107842.0734374  4836-1593-5948v3