UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BMARK 2020-B20 1960 RING ROAD, LLC.,** | **2:24-CV-11670-GAD-KGA** |
| Plaintiff, | |
| vs. | HON. GERSHWIN A. DRAIN |
| **BORUCH DRILLMAN** | |
| Defendant. | |

## DEFENDANT'S AMENDED
## ANSWER AND AFFIRMATIVE DEFENSES

Boruch Drillman ("Defendant") states as follows for his Answer
and Affirmative Defenses to the Complaint filed by BMARK 2020-B20
1960 Ring Road, LLC ("Plaintiff"):

### Preliminary Statement on Service

The Complaint was served pursuant to an Order Granting
Plaintiff's Renewed Motion for Alternative Service [ECF #8]. Defendant
did not receive personal service of the Summons and Complaint, and
did not reside at the 9601 Collins Avenue address in Bal Harbor,
Florida when Plaintiff attempted to serve him at that address. At the
time the original Answer and Affirmative Defenses were filed,
Defendant had only just been able to retain counsel in Michigan.

Defendant had attempted to retain counsel earlier but previous counsel failed to timely prepare an answer, requiring Defendant to urgently retain new counsel.

## I.    Summary

1.    Defendant neither admits nor denies the first sentence of the first paragraph of the Complaint because Defendant lacks sufficient knowledge regarding the purpose of the Complaint. Defendant neither admits nor denies the allegations in the second sentence and states that the relevant documents speak for themselves.

## II.    Jurisdiction and Venue

2.    Defendant neither admits nor denies the allegations in paragraph 2 of the Complaint because Defendant lacks sufficient knowledge regarding the citizenship of Plaintiff or Plaintiff's predecessor in interest. Further answering, Defendant submits that Plaintiff has not properly pled complete diversity of citizenship.

3.    The allegations in paragraph 3 of the Complaint regarding personal jurisdiction are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4.    The allegations in paragraph 3 of the Complaint regarding venue are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### III.   Parties.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

8.    Denied.

9.    Admitted only that Defendant is a resident of Florida.

### IV.   Background Facts.

**A. The Loan and Loan Documents**

10.    Admitted.

11.     Admitted only that Defendant is the majority owner of Borrower (as defined in the Complaint). Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the "Mortgage" speaks for itself.

13.     Defendant admits that the documents listed in paragraph 13 of the Complaint, subparts (a) through (c) were executed and delivered by Borrower to "Original Lender." Defendant denies that the document listed in paragraph 13 of the Complaint, subpart (d) was executed and delivered by Borrower to Original Lender. Further answering, Defendant states that the documents referenced in paragraph 13 of the Complaint speak for themselves.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the document attached as Exhibit F speaks for itself.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the document attached as Exhibit G speaks for itself.

16.     Admitted. Further answering, Defendant states that the documents referenced in paragraph 16 of the Complaint speak for themselves.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the documents referenced in paragraph 18 of the Complaint speak for themselves.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further

answering, Defendant states that the document attached as Exhibit J speaks for itself.

20.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

21.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the documents referenced in paragraph 21 of the Complaint speak for themselves.

22.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant states that the document attached as Exhibit L speaks for itself.

23.   Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant neither admits nor denies the allegations contained in paragraph 24 of the Complaint regarding the legal effect or implications of the document attached to the Complaint as Exhibit M.

## V.     Alleged Guarantor Breach

25.     Defendant denies the allegations in paragraph 25 of the Complaint as stated because the allegations do not fully and accurately state the nature and terms of the document signed by Defendant. Further answering, the "Guaranteed Obligations" as defined in the purported guaranty document does not cover the damages alleged by Plaintiff in this Complaint.

26.     Admitted.

27.     Defendant denies the allegations in paragraph 27 of the Complaint as stated because the allegations do not fully and accurately state the nature and terms of the document referenced in this paragraph.

28.     Defendant denies the allegations set forth in paragraph 28 of the Complaint as stated. Among other things, Defendant did not surrender any Property. Further answering, no Exhibit N is attached to the Complaint as served on Defendant.

29.     Defendant denies the allegations set forth in paragraph 29 of the Complaint as stated because the allegations do not reflect a full and accurate statement of the referenced document. Further answering, the Complaint, as served on Defendant, contains no attached Exhibit L matching the description set forth in the Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

31.     Defendant neither admits nor denies the alleged legal effect of any actions purportedly taken by Plaintiff on May 28, 2024.

## VI.   Alleged Causes of Action and Remedies

### A. Alleged Breach of Contract

32.     Defendant incorporates by reference all of the paragraphs above.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

**B. Alleged Fraud, Intentional Misrepresentation and Willful Misconduct.**

35.     Defendant incorporates by reference all of the paragraphs above.

36.     Defendant denies the allegations in paragraph 36 of the Complaint that any fraud, intentional misrepresentation or willful misconduct caused substantial damage to Plaintiff or to the Property.

**C. Alleged Damages**

37.     Defendant denies that the market value of the Property as of May 28, 2024 was $21,900,000, and also denies that this was the amount of the purported credit bid submitted by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and neither admits nor denies the allegations. Further answering, Defendant denies that Plaintiff had a legal right to foreclose on or submit any credit bid on the Property; and, upon information and believe, Plaintiff has recovered other sums from Borrower or otherwise that must be applied against the purported deficiency amount.

**D. Alleged Attorneys' Fees**

44.     Defendant incorporates by reference all of the paragraphs above.[1]

45.     Defendant denies the allegations in paragraph 45 of the Complaint as stated because (a) Defendant has no knowledge of what Plaintiff may or may not have found to be necessary, (b) the allegations do not fully and accurately state the nature and terms of the document referenced in this paragraph of the Complaint, and (c) the allegations contain legal conclusions as to which no response is required.

## VI.    Conditions Precedent[2]

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and neither admits nor denies the allegations.

## VII.  Prayer for Relief

47.     Paragraph 47 of the Complaint does not contain factual allegations to which any answer is required. To the extent an answer is required, Defendant denies all allegations set forth in paragraph 47.

---

[1] Plaintiff's Complaint, as served on Defendant, omits paragraphs 38-43.
[2] Plaintiff's Complaint has a second Section VI.

48.     Paragraph 48 of the Complaint does not contain factual

allegations to which any answer is required. To the extent an answer is

required, Defendant denies all allegations set forth in paragraph 48.


Respectfully submitted,

HEILMAN LAW PLLC


Dated:  November 1, 2024            By:   /s/ Ryan D. Heilman
                                    Ryan D. Heilman (P63952)
                                    Attorney for Defendant
                                    40900 Woodward Ave., Suite 111
                                    Bloomfield, MI 48304
                                    (248) 835-4745
                                    ryan@heilmanlaw.com

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BMARK 2020-B20 1960 RING ROAD, LLC.,** | **2:24-CV-11670-GAD-KGA** |
| Plaintiff, | |
| vs. | HON. GERSHWIN A. DRAIN |
| **BORUCH DRILLMAN** | |
| Defendant. | |

## <u>DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES</u>

Further responding to Plaintiff's Complaint, Defendant, Boruch Drillman ("<u>Defendant</u>"), asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim for breach of contract upon which relief may be granted.

2. Plaintiff's claims are barred under the purported guaranty document because the purported "Guaranteed Obligations" as defined in the purported guaranty document does not cover the obligations or debts of Mich Troy Technology LLC as alleged in the Complaint.

3. Plaintiff's claims for fraud, intentional misrepresentation and willful misconduct are barred because neither Plaintiff nor Plaintiff's predecessor reasonably relied on any fraudulent statements

or misrepresentations that Defendant may have stated to Plaintiff or Plaintiff's predecessor in interest.

4.     Plaintiff's claims for fraud, intentional misrepresentation and willful misconduct are barred because Plaintiff fails to allege that Defendant committed any fraud, intentional misrepresentation or willful misconduct against Plaintiff, and because Defendant made no fraudulent statements or misrepresentations to Plaintiff nor did Defendant engage in any willful misconduct with respect to Plaintiff.

5.     Plaintiff's claims for fraud, intentional misrepresentation and willful misconduct are barred because Plaintiff's predecessor(s) in interest did not assign or transfer to Plaintiff any causes of action against Defendant for fraud, intentional misrepresentation, willful misconduct or any other action sounding in tort.

6.     Plaintiff's claims for fraud, intentional misrepresentation and willful misconduct are barred because Plaintiff has failed to allege fraud with particularity as required by the Federal Rules of Civil Procedure.

7.     Plaintiff's claims are barred in whole or in part because Plaintiff, as alleged in the Complaint, took actions as a purported

assignee before any assignment was made in favor of Plaintiff. Accordingly, all Plaintiff's actions taken prior to May 27, 2024 are null and void as to "Borrower" (as defined in the Complaint) and Defendant. Among other things, the Notices of Mortgage Foreclosure Sale are void because they included false information and were published by Plaintiff at a time when Plaintiff had no interest in the Mortgage or the Property.

8.     Plaintiff's claims are barred in whole or in part because Plaintiff purports to have credit bid at the public auction of the Property on May 28, 2024, but admits in the Complaint that Plaintiff was not assigned rights under the Mortgage until June 26, 2024, almost a full month after the purported credit bid occurred. Accordingly, Plaintiff had no legal right to enter a credit bid as of May 28, 2024.

9.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to take proper and reasonable actions to mitigate its damages and failed to properly foreclose on the Property.

10.     Plaintiff's claims are barred in part because Plaintiff recovered additional amounts beyond the purported credit bid from Borrower that should rightfully be applied against any deficiency

14

amount and may have (or may in the future) receive additional amounts from other individuals or entities that must be applied against the purported deficiency.

11. Plaintiff's claims are barred in whole or in part because Plaintiff (or another entity or person acting for Plaintiff or at Plaintiff's direction) placed a credit bid for the Property in an amount substantially lower than the Property's true fair market value for the purpose of creating an unjust deficiency balance to be pursued against Defendant, and at all times Plaintiff had actual knowledge or should have known that the fair market value of the Property was substantially higher than the amount of the credit bid.

12. Plaintiff's claims are barred in whole or in part because Borrower had sufficient funds held in reserves (or otherwise) to make all required contractual payments to Plaintiff (or Plaintiff's servicer or predecessor in interest), but Plaintiff (or Plaintiff's servicer or predecessor in interest) refused to apply these funds to the obligations owed to Plaintiff (or Plaintiff's predecessor in interest), thereby forcing Borrower to default due to Plaintiff's (or its predecessor's) own bad faith actions.

13.     Plaintiff's claims are barred in whole or in part because Plaintiff is not the holder of one or both notes executed by Borrower pursuant to the Note Splitter and Modification Agreement and Omnibus Amendment to Loan Documents ("Splitter Agreement") referenced in and attached to the Complaint. Among other things, the assignment documents appear to attempt to assign a note in the amount of $45,000,000, but, pursuant to the Splitter Agreement, as of September 30, 2020, there no longer was any note in that amount. Instead, pursuant to the Splitter Agreement, the original note was replaced with two severed notes, the "A-1 Note" and the "A-2 Note," each of which was separately assigned to different entities.

14.     Plaintiff's claims are barred in whole or in part because Plaintiff has no right to pursue collection of the so-called A-2 Note against Borrower or Defendant and has thus vastly overstated the amount of the alleged deficiency. Plaintiff's Complaint fails to allege assignment of the A-2 Note and any debt associated with that note to Plaintiff and, on information and belief, no such assignment was made.

15.     For the same reason, Plaintiff lacks standing and is not the real party in interest with respect to one or both of the severed notes.

Plaintiff is not the holder of at least one of the severed notes and neither alleges nor attaches documents sufficient to show that Plaintiff is the properly appointed servicer or agent with respect to either of the severed notes.

16.    The Loan is a "Nonrecourse Loan" as defined in MCL 445.1592(b). Accordingly, Plaintiff's claims under the guaranty are barred by Michigan's Nonrecourse Mortgage Loan Act, MCL 445.1591 *et seq.* to the extent that Section 9.3 of the Loan Agreement is a "Post closing solvency covenant," as defined in MCL 445.1592(d), or to the extent that Plaintiff, through this action, is attempting to enforce Section 9.3 of the Loan Agreement as a Post closing solvency covenant.

17.    Plaintiff's claims against Defendant are barred because Plaintiff failed to personally serve Defendant with the summons and complaint and, after obtaining an order permitting alternative service, still did not serve Defendant at the address required for notices as set forth in the guaranty document attached to the Complaint or any other address at which Defendant resides or was receiving mail. To be clear, Defendant did not live at 9601 Collins Avenue address in Bal Harbor, Florida.

Defendant reserves the right to modify or add affirmative defenses that may become known through the course of its investigation and discovery in this action.

WHEREFORE, Defendant respectfully requests that his Honorable Court dismiss the Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees, and grant such other relief in favor of Defendant as is just and equitable.

HEILMAN LAW PLLC

Dated:  November 1, 2024                    By:   /s/ Ryan D. Heilman
                                            Ryan D. Heilman (P63952)
                                            Attorney for Defendant
                                            40900 Woodward Ave., Suite 111
                                            Bloomfield, MI 48304
                                            (248) 835-4745
                                            ryan@heilmanlaw.com